**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

VALIANT WHITE,

       Petitioner,                      Case No. 03-CV-73589-DT

v.

RAYMOND BOOKER,

       Respondent,

_____/

**ORDER DENYING PETITIONER'S "MOTION FOR [A] CERTIFICATE OF
APPEALABILITY" AND APPLICATION FOR LEAVE
TO APPEAL *IN FORMA PAUPERIS***

On February 14, 2005, the court issued an opinion and order denying Petitioner's

application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On March

4, 2005, Petitioner filed a motion for reconsideration, which the court denied. (3/30/05

Order at 2.) Petitioner has now filed a motion for a certificate of appealability (COA) and

an application for leave to appeal *in forma pauperis.* For the reasons stated below, the

court will deny Petitioner's motion and his application for leave to appeal *in forma

pauperis.*

**I.  The COA**

28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b) provide that an appeal from

the district court's denial of a writ of habeas corpus may not be taken unless a COA is

issued either by a circuit court or district court judge. If the district court refuses to issue

a COA, it must state the reasons for its refusal. Fed. R. App. P. 22(b). If the court

issues a COA, it must set forth in its order all of the issues that the petitioner raised in

the habeas action and identify those issues, if any, that the district court is certifying for

appeal.  *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).   In

order to obtain a certificate of appealability, a prisoner must make a substantial showing

of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this

denial, the applicant is required to show that reasonable jurists could debate whether, or

agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further.  *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000)

### A.  The Individual Claims[1]

### Claims # 1, 4, 5, 6, 7, 8, and 17 (The Fourth Amendment Claims)

Petitioner raised seven different claims involving Fourth Amendment challenges

to the search and seizure of the cocaine in this case.  A federal habeas review of a

habeas petitioner's arrest or search by state police is barred where the state has

provided a full and fair opportunity to litigate an illegal arrest or a search and seizure

claim.  *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).  Petitioner is not entitled to

certificate of appealability on any of his Fourth Amendment claims, because these

---

[1]  Petitioner was allowed to amend his petition to delete claims 10 through 16 and 19 through 21, on the grounds that these claims had not been exhausted in the state courts.

claims are non-cognizable on federal habeas review.  *See Taylor v. Myers,* 345 F. Supp. 2d 855, 871-72, 875 (W.D. Tenn. 2003).

### Claims # 2 and # 9 (The Ineffective Assistance of Counsel Claims)

Petitioner also alleges that he was denied the effective assistance of counsel at trial.

A habeas petitioner raising an ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability.  *See Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).  For the reasons stated in greater detail in the court's February 14, 2005 order denying the petition for writ of habeas corpus, Petitioner has failed to make a substantial showing that he was denied the effective assistance of counsel.  (2/14/05 Order at 10-13.)  The court will not issue a certificate of appealability on Petitioner's ineffective assistance of counsel claims.

### Claim # 3 (The Sufficiency of Evidence Claim)

Petitioner claims that there was insufficient evidence to convict him of possession of over 650 grams of cocaine because the evidence did not establish that he knowingly possessed the cocaine.  The court concluded, for reasons stated in greater detail in its February 14, 2005 order, that the Michigan Court of Appeals' determination that a rational trier of fact could have found the elements of the crime of possession of over 650 grams of cocaine was reasonable.  (2/14/05 Order at 14-16.)  In light of the evidence presented in this case, the court's ruling that the Michigan Court of Appeals' determination that there was sufficient evidence to find Petitioner guilty of possession of over 650 grams of cocaine would not be debatable among reasonable jurists, and

3

Petitioner is therefore not entitled to a certificate of appealability on this claim.  *See Williams v. Puckett,* 283 F.3d 272, 277-78 (5th Cir. 2002).

## Claim # 18 (The Prosecutorial Misconduct Claim)

Petitioner also alleges that he was deprived of a fair trial by prosecutorial misconduct.

The court rejected Petitioner's prosecutorial misconduct claim, finding that Petitioner had failed to show that the prosecutor's conduct and remarks denied him a fundamentally fair trial.  (2/14/05 Order at 16-20.)  A certificate of appealability is not warranted where a petitioner fails to show that a prosecutor's statements rose to the level of a substantial showing of the denial of a constitutional right.  *See Corwin v. Johnson*, 150 F.3d 467, 477 (5th Cir. 1998).  Accordingly, the court declines to issue a certificate of appealability on Petitioner's prosecutorial misconduct claim.

## II.  Petitioner's Application For Leave to Appeal *In Forma Pauperis*

Petitioner has also requested leave to appeal *in forma pauperis.*

A court may grant *in forma pauperis* status if the court finds that an appeal is being taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).  Good faith requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  *Id.*  A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis*, where the appeal would be frivolous.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). The court will deny Petitioner leave to appeal *in forma pauperis* because any appeal in this matter would be frivolous.

4

## III.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion For [A] Certificate of Appealability" [Dkt. # 38] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed Without Prepayment of Fees and Costs" [Dkt. # 37] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

5